UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                    No. 11-12440

v.                                             District Judge Robert H. Cleland
                                                  Magistrate Judge R. Steven Whalen

CHANDRA YOUNG,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

      This is a student loan case.  Before the Court is Defendant Chandra Young's *pro se* objection to a writ of garnishment [Doc. #18], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Because the parties have agreed to a resolution of this matter, I recommend that the writ of garnishment be discharged, pursuant to the terms stated on the record on March 25, 2014, and set forth below.

      On August 5, 2011, the Court entered a consent judgment in favor of Plaintiff in

---

[1] Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Massey v. City of Ferndale, 7 F.3d 506 (6th Cir.1993); United States v. Tyson, 265 F.Supp.2d 788, 789 (E.D.Mich.2003).

the amount of $10,001.37, under which Defendant was to make monthly payments of $65.00. [Doc. #5]. Defendant did not make those payments. On January 31, 2014, Plaintiff served a writ of garnishment on Defendant's employer. It is that garnishment that is at issue here.

Defendant objected to the garnishment and requested a hearing, which was held on March 25, 2014. At the hearing, the parties stated that they had resolved the garnishment issue as follows:

1. Defendant will release to Plaintiff all funds that have been garnished to the date of the hearing, approximately $604.00.

2. The writ of garnishment to Defendant's employer, Michael Andrews and Associates, LLC, will be discharged,

3. Defendant will agree to a voluntary wage assignment of $125.00 bi-weekly, beginning on May 2, 2014.

I therefore recommend that the writ of garnishment be discharged, conditioned on the above terms.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947

–2–

(6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 28, 2014        R. STEVEN WHALEN
                             UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 28, 2014, electronically and/or by U.S. Mail.

                             s/Michael Williams
                             Case Manager for the
                             Honorable R. Steven Whalen